IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JUSTIN WAYNE PALLETT, | : | |
| Movant, | : | |
| v. | : | Case No. 5:22-cr-035-TES-CHW-1 |
| | : | Case No. 5:24-cv-465-CAR-CHW |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. § 2255 |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

Before the Court is Movant Justin Wayne Pallett's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 73). For the following reasons, it is **RECOMMENDED** that the motion (Doc. 73) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

## BACKGROUND

On July 12, 2022, Movant was indicted on one count of Production of Child Pornography and one count of Possession of Child Pornography. (Doc. 1). With the assistance of counsel, Movant pled guilty to one count of Possession of Child Pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Docs. 26, 27). The plea agreement explained that this count carried a maximum term of twenty years, a maximum fine of $250,000.00, and at least five years of supervised supervision. (Doc. 26, p. 2).

As part of the plea agreement, Movant waived his right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255, except for such collateral attacks based on a claim of ineffective assistance of counsel. (*Id.*, p. 4–5). Movant initialed each page of his plea agreement

1

and signed it on the final page beneath an acknowledgement that he had discussed the agreement with his attorney, fully understood the agreement, and agreed to its terms. (Doc. 26).

At the change of plea hearing, the Court addressed the appeal waiver contained in the plea agreement, and Movant confirmed that he freely and voluntarily waived his right to appeal and collaterally attack his sentence, except for limited circumstances, by pleading guilty. (Doc. 68, p. 13). Movant stated that he understood that his sentence may be different than any estimate given to him by counsel, and that the Court could impose a harsher sentence than one in the advisory guideline range. (*Id.*, p. 13–14). The Court also asked whether Movant had discussed his guilty plea with counsel, and Movant responded that he had and was fully satisfied with the advice counsel had given him. (*Id.*, p. 14).

Although he faced a maximum prison sentence of 20 years or 240 months, the presentence investigation report (PSR) indicated that Movant's sentencing guideline range was 168 to 210 months based upon a total offense level of 35 and a criminal history category of I. (Doc. 49, ¶¶ 88–89). Although the base offense level was 18, Movant received a two-level enhancement for possessing material that involved a prepubescent minor or a minor who had not attained the age of 12 years, a four-level enhancement for possessing material that portrays sadistic or masochistic conduct or other depictions of violence, a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, a two-level increase for the use of a computer or an interactive computer service, and a five-level increase as the offense involved 600 or more images. (*Id.*, ¶¶ 42–47). Therefore, Movant's adjusted offense level was 36. (*Id.*, ¶ 51).

However, based on a finding pursuant to USSG § 2G2.2(c)(1) that the offense involved "causing, transporting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for

2

the purpose of transmitting a live visual depiction of such conduct," Movant was subject to USSG § 2G2.1.[1] As such, Movant's base offense level was raised to 32. (*Id.*, ¶ 53). Movant then received a two-level enhancement for involving a minor victim between the ages of 12 and 16, a two-level enhancement for an offense involving commission of sexual contact, and a two-level enhancement for the use of a computer or an interactive computer service. (*Id.*, ¶¶ 54–56). Under § 2G2.2(c)(1), this second adjusted offense level of 38 under § 2G2.1 was applied because it was greater than the first adjusted offense level of 36. Movant then received a two-level decrease for acceptance of responsibility and a one-level decrease for entering a plea in a timely manner—creating a total offense level of 35. (*Id.*, ¶¶ 62–64). Movant's sentencing counsel filed multiple objections or motions for downward departures. *See* (Docs. 38, 40-1, 42, 48, 49-1, 50).

At sentencing, the Court asked Movant if he had reviewed the PSR with his sentencing counsel, and he responded yes. (Doc. 69, p. 2). The Court then heard Movant's objections to the PSR and overruled them. (*Id.*, pp. 4–15, 18–21). Movant's trial counsel next discussed sentencing factors under 18 U.S.C. § 3553(a).[2] (*Id.*, pp. 23–27). Counsel discussed Movant's childhood familial makeup and Movant's enlistment in the United States Air Force in 2013 and subsequent deployment to Japan. (*Id.*, p. 24). Counsel also presented Movant's mother who testified on behalf

---

[1]
> Pursuant to USSG §2G2.2(c)(1) [Cross Reference], if the offense involved causing, transporting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply USSG §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

(Doc. 49, ¶ 52).

[2] Movant's trial counsel also filed a "Sentencing Memorandum on Behalf of Justin Pallet" which is discussed *infra*.

3

of Movant. (*Id.*, pp. 27–28). Movant then addressed the Court and discussed his military service and personal background and requested leniency. (*Id.*, pp. 29–34). The Court determined that, based on Movant's total offense level and criminal history category, the advisory sentencing range was 168 to 210 months. (*Id.*, p. 34). The Court sentenced Movant to 210 months—the top end of the advisory guideline range. (*Id.*). Judgment was entered on April 5, 2023, and was amended the following day due to a clerical mistake. (Doc. 56); *see* (Doc. 58). Movant then filed a Notice of Appeal through new counsel which was subsequently dismissed pursuant to the appeal waiver in Movant's plea agreement. (Docs. 71, 72); *see* (Doc. 26, pp. 4–5).

On December 16, 2024, Movant, through new counsel, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 73). The Government responded on January 27, 2025, arguing that the Court should deny Movant's motion. (Doc. 76). Movant then filed a reply. (Doc. 77). As discussed below, Movant's Section 2255 motion should be denied.

## DISCUSSION

Movant argues that his sentence should be vacated, set aside, or corrected pursuant to Section 2255 because he had ineffective assistance of counsel. Specifically, Movant argues that his counsel "failed to put forth [Movant's] extraordinary mitigation at his sentencing proceeding, which included significant military accomplishments, which would have resulted in [Movant] receiving a lesser sentence . . . ." (Doc. 73, p. 6). As explained below, this argument does not warrant relief under Section 2255.

To prevail on a claim of ineffective assistance of counsel, Movant must establish by a preponderance of the evidence that (1) his attorney's performance was deficient, and (2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

4

*Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000). Movant must prove that his counsel's performance "was unreasonable under prevailing professional norms and that the challenged action was not sound strategy" to establish deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 384 (1986) (citing *Strickland*, 466 U.S. 688–89). To show that counsel's performance was unreasonable, Movant must establish that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dep't of Corrs.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam); *Chandler*, 218 F.3d at 1315. There is a strong presumption that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As for prejudice, Movant must show there is a reasonable probability that, but for counsel's inadequate representation, "the result of the proceeding would have been different." *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). If Movant fails to establish that he was prejudiced by the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

### I.     Movant Has Not Shown Sentencing Counsel Was Ineffective.

Movant's argument that trial counsel was deficient for failing to "investigate the obvious" or introduce mitigating evidence of Movant's Air Force service is both contradicted by the record and without merit. As Movant notes in his Section 2255 motion, sentencing counsel "argued as mitigating factors that [Movant] had no criminal history, *was in the Air Force*, and the isolation he faced during the COVID-19 pandemic . . . ." (Doc. 73, p. 6) (emphasis added). At sentencing, counsel noted that Movant

> joined the Air Force [in 2013] to serve his country voluntarily. . . . He joined the Air Force and went off to basic training out of state, and his first posting was in

5

>Japan. And during that time, in conversation with [Movant], it became clear to me that he was homesick in a way that many young men and women who join the Armed Forces from small communities become.

(Doc. 69, p. 24).

Sentencing counsel also filed a pre-sentencing memorandum on behalf of Movant. (Doc. 52). In that memorandum, sentencing counsel noted Movant's history in the Air Force and deployment overseas, and argued that this conviction "means the loss of [Movant's] military career. (*Id.*, pp. 7, 9). Further, Movant's military service was noted throughout his PSR. The PSR included Movant's deployment and job history as an HVAC technician in the Air Force (Doc. 49, ¶¶ 74, 82–83).

In support of his motion, Movant has submitted a "Mitigation Report" (Doc. 73-1) that goes into greater detail about Movant's career and accomplishments in the military and various childhood disadvantages. "No absolute duty exists to introduce mitigating or character evidence." *Chandler*, 218 F.3d at 1319 (citations omitted). Movant's sentencing counsel did introduce mitigating evidence, both in the sentencing memorandum (Doc. 52) and at the sentencing hearing. The Mitigation Report attached to Movant's motion does little more than add details about Movant's duties and accomplishments during his ten-year career in the service, noting that he received consistently positive performance reviews as an HVAC technician and that he regularly participated in the honor guard at funerals and ceremonies. This detail adds little to the basic fact in the record that Movant had no criminal history and an exemplary employment history. For the Court to determine on collateral review that sentencing counsel was deficient for failing to present further detail as to mitigating evidence would entail "relying on the 'harsh light of hindsight'" that *Strickland* sought to prevent. *Harrington v. Richter*, 562 U.S. 86, 107 (2011) (quoting *Bell v. Cone*, 535 U.S. 685, 702 (2002)); *see, e.g.*, *Dell v. United States*, 710 F.3d 1267, 1281–82 (11th Cir.

2013)). Movant has not shown that his sentencing counsel was deficient in failing to present further mitigation evidence than he did.

Moreover, Movant has failed to provide any evidence that he was prejudiced by counsel's performance at sentencing. Movant's statement that had counsel introduced further evidence, this "would have impacted the sentence [Movant] received" is far-reaching. To prove prejudice, Movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

At its core, Movant's argument boils down to this: If sentencing counsel had introduced Movant's "excellent work reports," his service as a member of the Air Force Honor Guard, and his multiple commendations while serving in the Air Force, the Court would have imposed a lesser sentence than it did. (Doc. 73, pp. 7–8). The record does not support this argument. As noted above, the Court was well aware of Movant's decade of military service. The PSR also noted, however, that Movant possessed a computer that contained child pornography downloaded as early as August 2013—the year he enlisted in the Air Force. (Doc. 49, ¶¶ 31–32). It is improbable that further details regarding Movant's military service would have resulted in a lesser sentence. Rather, Movant received a sentence that was within the advisory guideline range, if at the top of that range. Movant has not shown a reasonable probability of receiving a lesser sentence had sentencing counsel introduced further evidence, especially considering the nature of the evidence supporting Movant's conviction and subsequent sentence.[3]

---

[3] Although Movant asserts that he "quickly accepted responsibility for his actions" (Doc. 73, p. 8), this assertion is true only in that Movant entered a guilty plea. Movant's allocution at sentencing, however, undermined his acceptance of responsibility, however. Movant attempted to rationalize his actions, stating that he was only trying to help the children he contacted. When he reached out to one minor, the minor "asked if I wanted to meet her. I said I would only meet you if you pointed out where the guy that molested you lived." (Doc. 69, p. 32). Movant then explained, "I started doing my own little investigation, trying to

7

## II. Movant is Not Entitled to an Evidentiary Hearing.

No evidentiary hearing is needed to resolve Movant's Section 2255 motion. Movant has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (citation omitted). As discussed above, "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Rosin v. United States*, 786 F.3d 873, 877–78 (11th Cir. 2015) ("[A]n evidentiary hearing is unnecessary when the petitioner's allegations are affirmatively contradicted by the record.") (internal quotations and citations omitted). Therefore, no evidentiary hearing is necessary.

## **CONCLUSION**

For the reason discussed herein, it is **RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 73) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

---

be some vigilante. . . . I had no intentions of producing or anything like that or trying to meet other minors." (*Id.*). Movant then stated that, as to another minor victim, "I wanted to make sure that she was safe and I – I made a lot of mistakes. I know that I did. The only thing I wanted to do was save someone's life, to stop other people." (*Id.*, p. 33). The Court expressed its skepticism about this rationalization at sentencing:

> THE COURT: Well, I just don't think you're the victim here. I just don't think you're the victim. It's -- we can go through the details of all of this, and -- I mean, you tell me that you had to keep talking to this 13-year-old to keep her alive.
> [MOVANT]: I didn't know how else to go about the situation.
> THE COURT: You don't want me to read --
> [MOVANT]: I was scared for the safety and concern --
> THE COURT: You don't want me to read the details of this; do you? I mean, if you want me to, we can go through this, because to try to save one's life, you don't say, "Sit on my face." That's not what you do. And there -- and that is the tame one here.
>
> (*Id*, p. 33–34).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

If a court denies a collateral motion on the merits, this standard requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Movant has not met this standard, and, therefore, a certificate of appealability in this case should be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 26th day of September, 2025.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
