IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUSTIN PALLETT,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:22-cr-00035-TES-CHW-1 |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") as to Defendant Justin Pallett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 81]; [Doc. 73]. Defendant timely objected to the R&R. [Doc. 84]. Therefore, the Court reviews the objected-to portions of the R&R de novo. 28 U.S.C. § 636(b)(1)(C).

A.    **Introduction**

The Magistrate Judge's R&R [Doc. 81] provides a thorough rundown of the procedural history of this case, but in a nutshell, Defendant was indicted on one count of Production of Child Pornography and one count of Possession of Child Pornography. [Doc. 1]. Defendant entered a plea agreement and pled guilty to possession. [Doc. 26]; [Doc. 27]. In the plea agreement, Defendant waived his right to collaterally attack his conviction and sentence except on the basis of ineffective assistance of counsel. [Doc. 26,

p. 5]. He also waived his right to appeal. [Doc. 26, p. 4]. The advisory sentencing range for Defendant was 168 to 210 months. [Doc. 69, p. 34].[1]

At sentencing, Defendant's counsel discussed the sentencing factors under 18 U.S.C. § 3553(a). [Doc. 69, pp. 23–27]. This included discussing Defendant's enlistment in the United States Air Force in 2013, and his subsequent deployment to Japan. [*Id.* at p. 24]. Defendant himself also addressed the Court during his sentencing hearing and discussed many of the same things, including his military service. [*Id.* at pp. 30–31]. The Court sentenced Defendant to 210 months—admittedly at the top of, but within, the applicable guideline range. [Doc. 58, p. 2]. Notwithstanding his clear waiver of appeal, Defendant nonetheless appealed his sentence, and the Eleventh Circuit dismissed his case. [Doc. 71]. He then filed a motion to vacate, set aside, or correct his sentence under § 2255. [Doc. 73]. The Magistrate Judge issued a R&R and Defendant objected, arguing that the Magistrate Judge incorrectly applied the applicable legal standard and should not deny a certificate of appealability. [Doc. 81]; [Doc. 84, pp. 2–3]. Accordingly, the Court reviews the portions of the R&R related to the *Strickland* test and denial of a certificate of appealability de novo. 28 U.S.C. § 636(b)(1)(A) & (C).

---

[1] The R&R goes into detail concerning the calculation of Defendant's sentencing guideline. *See* [Doc. 81, pp. 2–4].

2

B. <u>Defendant's Objection [Doc. 84]</u>

Defendant raises two points of contention with the Magistrate Judge's R&R. [Doc. 84, pp. 1–2]. His first objection centers around the Magistrate Judge's application of the standard for investigation of mitigation factors outlined in *Strickland v. Washington*, 446 U.S. 668 (1984). Second, Defendant takes issue with the Magistrate Judge's conclusion that he is not entitled to an evidentiary hearing or a certificate of appealability. [*Id.*].

1. *Strickland v. Washington*

The *Strickland* test has two prongs: (1) counsel's performance was deficient, and (2) the client was prejudiced by the inadequate performance. *Strickland*, 466 U.S. at 687. The Court addresses Defendant's arguments as to both prongs below.

First, Defendant argues that his sentencing counsel erred in "merely mentioning military service" rather than "providing a comprehensive record of commendations and character evidence." [Doc. 84, p. 2]. However, as the R&R correctly pointed out, Defendant's sentencing counsel did mention Defendant's military service in the sentencing memorandum and during the sentencing hearing. *See* [Doc. 52, pp. 7, 9]; [Doc. 69, p. 24].

Unlike what Defendant argues, the R&R's "reliance" on the sentencing memorandum and sentencing hearing is not "insufficient under *Strickland*." [*Id.* at p. 3]. It is true that Defendant received accolades while serving in the military. [Doc. 73-1, p.

3

8]. It is equally true that, notwithstanding those accolades, Defendant was downloading and viewing child pornography. [Doc. 49, ¶¶ 29–34]. Sentencing counsel chose to argue as mitigating factors "that [Defendant] had no criminal history, was in the Air Force, and the isolation he faced during the COVID-19 pandemic . . . ." [Doc. 73, p. 6]. Tactical decisions "not to present mitigating evidence enjoy[] 'a strong presumption of correctness which is virtually unchallengeable.'" *Smith v. Dugger*, 840 F.2d 787, 795 (11th Cir. 1988) (quoting *Clark v. Dugger*, 834 F.2d 1561 (11th Cir. 1987)); *see also Wiggins v. Smith*, 539 U.S. 510, 533 (2003) (holding that mandatory investigation or presentation of mitigation evidence requirements would undermine the independence of counsel) (quoting *Strickland*, 466 U.S. at 689). Defendant has not provided adequate enough reason to overcome such a strong presumption.

After all, applying *Strickland* requires the Court to view sentencing counsel's challenged actions "as seen 'from counsel's perspective at the time.'" *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 689). Hindsight plays no role in this analysis. *Strickland*, 466 U.S. at 689. Applying this test, the Court is hesitant to say that sentencing counsel was unreasonable to cast a wider net of mitigation factors throughout Defendant's life rather than a deeper net into one particular factor or period of Defendant's life—especially when that period coincided with Defendant's acquisition of child pornography. In fact, diving deep into a defendant's military service could be, and often is, a double-edged sword—military service may be a positive reflection on a

4

person's character, but military personnel are also held to a very high standard. *See Parker v. Levy*, 417 U.S. 733, 765 (1974) ("In military life there is a higher code termed honor, which holds its society to a stricter accountability[.]") (Blackmun, J. concurring); *Brown v. Glines*, 444 U.S. 348, 354 (1980) ("military services 'must insist upon a respect for duty and a discipline without counterpart in civilian life.'").

Defendant's initial counsel enjoyed an impeccable reputation with the Court. That counsel had handled many cases before the undersigned and knew that he was a former United States Army officer who placed great value on military service. Based on that experience, he also undoubtedly knew that the Defendant could not expect much sympathy from the Court, especially when he had so dishonored the Air Force by committing such a serious crime while on active duty. It's quite routine for a court to take a defendant's past military service into account when sentencing a criminal defendant. However, a court commits no error when it also considers that a criminal defendant committed heinous crimes against children while actively wearing the uniform.  The former can be mitigating, but the latter can certainly be quite aggravating. And so it was in this case.

The Court agrees with the R&R's conclusion that to rebut the presumption here in favor of sentencing counsel's tactical decision would be to rely on the "'harsh light of hindsight[.]'" [Doc. 81, p. 6 (quoting *Harrington v. Richter*, 562 U.S. 86, 107 (2011) (internal citations omitted))].

Second, Defendant argues that the R&R's conclusion that he was not prejudiced by sentencing counsel's decision not to include his military accolades is "speculative." [Doc. 84, p. 3]. He asserts that "[w]hen sentencing courts are presented with robust, corroborated military-service mitigation, including commendations, specialized assignments, and Honor Guard duties, it can and does affect the assessment of character and the determination of sentence." [*Id.* (citing *Porter v. McCollum*, 558 U.S. 30, 43–44 (2009)]. However, the case Defendant cites does not support this assertion. In *Porter*, the court wrongfully discounted Porter's childhood abuse and the mental and emotional toll that active combat had on Porter. *Porter*, 558 U.S. at 43–44. While Porter's combat experience could be characterized as "robust, corroborated military-service mitigation," it certainly is not "commendations, specialized assignments, and Honor Guard duties." [Doc. 84, p. 3]. The truth here is that Defendant's military service and any accolades were but one of several sentencing factors present in this case. As explained above, "[i]t is improbable that further details regarding [Defendant]'s military service would have resulted in a lesser sentence." [Doc. 81, p. 7]. Defendant has not shown a reasonable probability otherwise.

    **2.**    **Certificate of Appealability**

Finally, Defendant argues that "[r]easonable jurists could debate whether trial counsel's investigation and presentation of mitigation satisfied the professional norms set out in *Strickland* . . . and whether greater development of Mr. Pallett's record of

6

military service and character could have materially affected his sentence." [Doc. 84, p. 4]. However, a bare recitation of the standard does not constitute a *demonstration* "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Like the R&R stated, "[m]ovant has not met this standard, and, therefore, a certificate of appealability in this case should be denied." [Doc. 81, p. 9]. Likewise, the bare assertion that "[j]urists could also debate whether a hearing is necessary" does not establish the necessity of an evidentiary hearing. [Doc. 84, p. 4].

### C.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 81] **AND MAKES IT THE ORDER OF THE COURT**. Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 20th day of October, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**